**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MANDY RICE, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 4:19-cv-03166-JAR |
| v. | ) | |
| | ) | |
| | ) | |
| ST. LOUIS UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff, Mandy Rice, D.O. (hereinafter, "Rice"), through undersigned counsel, states as follows in opposition to Defendants' Partial Motion to Dismiss seeking to dismiss Counts III, VIII and XI of Plaintiff's Petition (this case was filed in state court and removed by Defendants:

### Introduction

Plaintiff's Petition seeks both legal and equitable relief against Defendants for actions Defendants engaged in while Plaintiff was a resident in the general surgery residency program at Saint Louis University (hereinafter "SLU").  Specifically, Plaintiff has brought numerous counts against Defendants, including counts for breach of contract, preliminary and permanent injunctive relief, defamation, violation of Title VII of the Federal Civil Rights Act, and violation of the Missouri Human Rights Act.  Defendants' Motion seeks dismissal of Counts III, VIII, and IX of Plaintiff's Petition.

## Argument

### I.     Standard of Review

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court assumes as true all factual allegations of the complaint.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). Additionally, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Health Care Management Services Co., L.L.C. v. Corporate Resource Management Inc.*, 2005 WL 1981555, at *1 (E.D. Mo. 2005); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986).  Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Toombs*, 798 F.2d at 298.  Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).

### II.     Count III is Not Barred by Res Judicata

Defendants argue that res judicata bars Plaintiff's Count III.  For res judicata to apply in Missouri, four identities must be present: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made."  *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991).

Defendants argue that "Plaintiff's Count III pleads the same operative allegations –i.e. that Plaintiff suffered irreparable harm based on Defendants' purported actions in 2017 and 2018."  However, Defendants fail to bring to this Court's attention that Plaintiff's allegations in

2

Count III are substantially different from the facts alleged in Count IV of Plaintiff's Petition, which Count was previously dismissed with prejudice in the state court litigation.  Specifically, in Count III of  the currently pending Petition, Rice alleges she was subjected to sexual discrimination(in the form of harassment) in that a physician at SLU abused and bullied her on account of her sex, and that SLU retaliated against her because Rice complained about being of such behavior.  *See* Plaintiff's Pet. at ¶ 134 (Doc. 5).  Also see ¶¶ 103-116 of Plaintiff's Petition. Nowhere in her Petition or Amended Petition filed in the original case had Plaintiff alleged sexual harassment, retaliation for complaining of sexual harassment, or any other violation of Title VII or the MHRA.

The second part of the test for application of res judicata, as set forth in *King Gen. Contractors* and numerous other Missouri cases is "identity of the cause of action."

> The modern test of a "claim" under both the Federal and the Missouri Rules of Civil Procedure3 is whether the claims arose out of the same act, contract or transaction. The term "transaction' is broadly construed to include all of the facts and circumstances which constitute the foundation of a claim. (internal quotation marks and citations omitted)

*Andes v. Paden, Welch, Martin & Albano, P.C.,* 897 S.W.2d 19, 23 (Mo. Ct. App. 1995).  In other words, the test is whether the claims in the second lawsuit arose from the same factual predicate as the claims in the suit (or count) which had previously been dismissed with prejudice.

In *Jordan v. Kansas City*, 929 S.W.2d 882, 886–87 (Mo. Ct. App. 1996), the Court noted that in the first action, Jordan asserted a claim for defamation and in a second action (filed after the first had been dismissed with prejudice), the plaintiff sued for violation of constitutional rights and trespass.  The court noted that for res judicata to apply, the claims need not be identical, but "must have arisen out of the same act, contract or transaction."  *Id.* at 886, citing *Andes* at 23 (internal quotation marks omitted).  The court noted that Jordan's first suit had

arisen from oral statements made by a city employee concerning rank weeds and open storage at hearings before the property maintenance board and in court, while the constitutional violations alleged in the second suit arose from the same complaints and summonses prepared by that same city employee, and the.trespass claim was based on the city employee's actions while investigating the ordinance violations.  The Court in *Jordan* then held that plaintiff "exercising reasonable diligence, could have brought all these claims together in the first action.  Thus, the second element, the identity of the cause of action, is satisfied here." *Id.* at 887.

The same cannot be said here.  The claims for sexual harassment and retaliation arise from different sets of facts than the allegations which were stated in Rice's petition and amended petition in the original case.  In fact, the original petition in the since dismissed state court lawsuit was filed after Plaintiff was initially denied promotion to the fifth year of residency, well before the actions giving rise to the claims of harassment and retaliation.  Although Rice later filed an amended petition after she was terminated from the residency program at SLU, she could not at that time have file a claim for sexual harassment or retaliation for complaining of sexual harassment, as she first had to allow time for investigation by the EEOC and MCHR of her charges and then had to obtain a right-to-sue letter before she could file claims against Defendants for violation of either Title VII or the MHRA.

In light of Rice's allegations of sex discrimination and retaliation in the current Petition, which were not included in the amended Petition in the original suit and which do not arise from the same factual predicates as the causes of action alleged in the first suit, this Court should find that Rice's claim for injunctive relief stated in Count III is not barred by res judicata, and therefore should deny Defendants' Motion to Dismiss Count III.

**III.    Plaintiff's Claims Under the Missouri Human Rights Act Should Not be Dismissed Because Her Request for a Right to Sue Letter has been Wrongfully Denied by the Missouri Commission on Human Rights.**

Defendants argue that Counts VIII and IX of Plaintiff's Petition must be dismissed because Plaintiff has not exhausted her administrative remedies.  In support of this contention, Defendants rely on the fact that Plaintiff did not receive a right-to-sue letter from the Missouri Commission on Human Rights (hereafter "MCHR"), but fails to bring to this Court's attention that Plaintiff repeatedly requested a right-to-sue letter, and was simply not provided one through no fault of her own.

Defendants cite *Whitmore v. O'Connor Mgmt., Inc.* in support of their argument that a right-to-sue letter is a condition precedent to bringing an action under the Missouri Human Rights Act ("MHRA").  However, in *Whitmore*, the procedural facts of the case are entirely distinct from the case at bar.  In *Whitmore*, the employee argued that the right-to-sue letter from the Missouri Human Rights Commission was unnecessary by a work-sharing agreement between the EEOC and the state agency.  *Whitmore*, 156 F.3d 796, 800 (8th Cir. 1998).  The Eight Circuit Court of Appeals noted that while it could not find a Missouri case on point, it believed Missouri courts "would consider a right-to-sue letter as a condition precedent, although not a jurisdictional prerequisite, to bringing an action under the MHRA."  *Id.* (citations omitted).  The court further noted that it may have been possible to cure the defect by obtaining a right-to-sue letter after filing the case, but that the employee made no attempt to do so.  *Id.*

In the present case, Plaintiff has made three separate attempts to obtain a right-to-sue letter from the MCHR prior to filing the current lawsuit.  The first attempt to obtain a right-to-sue letter was made by Plaintiff on September 6, 2019.  *See* **Exhibit 1[1], Plaintiff's**

---

[1] All references to Exhibits are to the Exhibits filed with Plaintiff's Petition.

**Correspondence to MCHR dated September 6, 2019**.  On September 13, 2019, the MCHR

issued a letter to Plaintiff's attorney indicating that it was unable to furnish a copy of Plaintiff's

case file (which was never in fact requested by Plaintiff), and that a file copy could only be

requested once the case was closed.  ***See* Exhibit 2, Correspondence from MCHR dated**

**September 13, 2019**.  On September 18, 2019, Plaintiff again requested a right-to-sue letter from

the MCHR.  *See* **Exhibit 3, Plaintiff's Correspondence to MCHR dated September 18, 2019**.

No right-to-sue letter was issued to Plaintiff following the September 18, 2019 correspondence.

    Plaintiff sent additional correspondence to the MCHR requesting a right-to-sue letter on

November 20, 2019.  *See* **Exhibit 4, Plaintiff's Correspondence to MCHR dated November**

**20, 2019**.  Plaintiff has received no responsive correspondence from the MCHR with respect to

her November 20, 2019 correspondence.  However, undersigned counsel was verbally told while

speaking to a representative of the Commission soon thereafter that the Commission was trying

to determine whether it had jurisdiction over St. Louis University, or whether St. Louis

University was exempt from the MHRA as a religious organization.

    In *Lampley v. Missouri Commission on Human Rights*, the Missouri Supreme Court

noted that the Missouri Commission on Human Rights has 180 days to process a complaint once

it has been filed.  *Lampley*, 570 S.W.3d 16, 26 (Mo. banc 2019).  This is the time period before a

charging party may request a right to sue letter under the MHRA.   In the present case, Plaintiff

filed her Charge of Discrimination with the EEOC and Missouri Commission on Human Rights

on August 6, 2018.  *See* **Exhibit 5, Charge of Discrimination**.  As such, the MCHR had until

February 2, 2019 to investigate the details surrounding Plaintiff's charge of discrimination before

a right to sue letter could be requested.  As the Court noted in *Lampley*, the time for

administrative investigation has expired because "the Commission is limited to 180 days to

process a complaint once the complaint is filed." *See Lampley*, 570 S.W.3d at 26.  "Once the 180-day time limitation has expired, the Commission *must cease all activity on a complaint and issue a right-to-sue letter*." *Id.* (emphasis added).

In the present case, the MCHR has failed to ever issue a right-to-sue letter, despite repeated requests from Plaintiff, contrary to Section 213.111.1 R.S.Mo., and the Missouri Supreme Court's ruling in *Lampley*.  As such, Defendants' argument that Plaintiff has failed to exhaust her administrative remedies is not well taken.  It would indeed be poor public policy to require Plaintiff to continue to fight to obtain a right-to-sue letter from MCHR, which it is required to issue, before she may file an action under the MHRA, particularly given that she had only 90 days from when the EEOC issued its right-to-sue letter (on August 28, 2019) to file her lawsuit alleging violation of Title VII.  If Plaintiff had continued to wait for a right-to-sue letter from the MCHR, there is no doubt that Defendants would have then argued that Plaintiff's Title VII cause of action was untimely.

Defendants cite *Hammond v. Municipal Correction Institute,* 117 S.W.3d 130 (Mo. Ct. App. 2003) in support of their argument that Plaintiff's MHRA claims in Counts VIII and IX must be dismissed because Plaintiff did not exhaust her administrative remedies.  However, both the facts and ruling in *Hammond* are inapposite.  In *Hammond*, the employee filed his petition more than 90 days after he received his right to sue letter from the MCHR.  The Court held that his claim under the MHRA was time-barred, and that the later issuance of a right- to-sue letter by the EEOC did not give rise to a claim for violation of the MHRA, i.e., the employee's claim was not revived by issuance of the EEOC's right-to-sue letter several months after the MHRA suit was filed.

The issue in *Hammond*, whether the EEOC right-to-sue letter could remedy the statute of limitations defect in the employee's petition despite the fact that he failed to file his petition within ninety days of the MCHR right-to-sue letter, is legally distinct from the issue presented by Plaintiff's Motion to Dismiss, whether Rice may file an action under the MHRA where the MCHR has wrongfully refused to issue a requested right-to-sue letter, contrary to both the provisions of the MHRA and the Missouri Supreme Court precedent in *Lamply*.

Defendants further cite *Jen v. Elec. Data Sys. Corp*, whereby an employee brought a cause of action under the MHRA, among making other claims.  *Jen*, 4:92CV 1782 GFG, 1993 WL 246327, at *1.  That matter was before the court on a motion to dismiss, and the defendant in that matter asserted that the employee did not file a charge with the MCHR, nor receive a right-to-sue letter.  *Id.* at *1.  The employee failed to respond to these assertions during the motion to dismiss hearing, and the court ultimately dismissed the claim.  *Id.* at *1.  Again, this is distinct from the current case.

Defendants also cite *Roberts v. Panhandle Eastern Pipeline Co.*, 763 F. Supp. 1043 (W.D. Mo. 1991). for the proposition that a right-to-sue letter from the MCHR is a prerequisite to a discrimination claim.  In *Roberts*, the court noted that a "plaintiff's compliance with the 180 day time limit is a prerequisite to the maintenance of a civil employment discrimination action" (although Plaintiff acknowledges that the court in *Roberts* stated that a plaintiff must receive a right-to-sue letter in order to file a civil action).  *Roberts*, at 1049.  However, again this case is inapposite to the issue presented by Defendants' Motion to Dismiss.  In *Roberts*, the defendant alleged that the employee failed to file a charge with the MCHR within 180 days of the alleged discriminatory conduct, and therefore the issue became whether the alleged discriminatory

conduct continued to within 180 days of the filing of the employee's MCHR complaint. *Id*. at 1049-50. No such issue has been raised in this case.

Defendants also cite *Allen v. Family Counseling Ctr.*, which is a case where the District Court dismissed an employee's MHRA claim due to the employee not having received a right-to-sue letter. *Allen*, No. 1:09CV64 CDP, 2010 WL 254925, at *2 (E.D. Mo. 2010). However, once again, the facts in *Allen* are distinguishable from the current case. The court in *Allen* points out that the employee in that case did not allege that she requested or received a right-to-sue letter from the MCHR. *Id*. at *2. Instead, the employee received correspondence from the MCHR finding that there was no probable cause with respect to her discrimination charge, and therefore the employee's case was administratively closed. *Id.* at *2. The employee was informed in that correspondence that she had a right to appeal that decision, although she failed to do so. *Id.* at *2. The court in *Allen* specifically noted that if the MCHR makes a determination that there was a no probable cause determination made by the MCHR, and the employee had not previously requested a right-to-sue letter, the employee's only recourse would be to appeal the "no probable cause" determination as provided in the MHRA. *Id.* at *2.

In the present matter, Plaintiff's facts are completely distinguishable from *Allen*. In *Allen*, the employee failed to ever request a right-to-sue letter from the MCHR. Rice on the other hand, has repeatedly requested a right-to-sue letter from the MCHR, although despite such efforts, Rice has not been provided with a right-to-sue letter to date. In *Allen*, the employee failed to appeal the no probable cause determination. Here, as the Court stated in *Lamply* the MCHR lost jurisdiction to make a probable cause determination (or determination of no probable cause) once 180 days had passed from the filing of Rice's charge.

Finally, Defendants rely on *El-Scari v. Comprehensive Mental Health Services*, No. 4:19-00179-CV-RK, 2019 WL 5386489 (W.D. Mo. 2019) wherein an MHRA claim was dismissed when the employee did not plead that she received a right-to-sue letter from the MCHR. *El-Scari*, at *4. However, that case is again distinguishable from the present matter. In *El-Scari*, the MCHR reviewed an EEOC investigative report and adopted the EEOC's findings, and thereafter terminated the administrative proceedings. *Id.* at *4. The letter issued by the MCHR did not say that the employee had a right to file an employment discrimination lawsuit, but it did state that an administrative appeal could be taken to the Circuit Court of Cole County, Missouri. *Id.* at *4. Again, Plaintiff in the present case has not received anything substantive from the MCHR, and despite the requirement that the MCHR complete its investigation within 180 days of Plaintiff's complaint, it has failed to do so. As is clearly distinguishable from *El-Scari*, where the employee had a remedy following a decision made by the MCHR (whereby the employee could appeal the adverse decision from the MCHR to state circuit court), the MCHR in Plaintiff's case has made *no* substantive decision providing Plaintiff with any choice but to file a lawsuit (or otherwise risk being out of time to file its Title VII claims following receipt of the EEOC right-to-sue letter).

The Supreme Court of Missouri has clearly established what is required of the Missouri Commission on Human Rights in situations where the MCHR has failed to complete its investigation of a charge of discrimination within 180 days of the filing of such charge. If the MCHR has not completed administrative processing of a complaint within those 180 days, section 213.111.1 of the Missouri Revised Statutes allows the employee the option to request a right-to-sue letter and then file suit in court. *See State ex. rel. Tivol Plaza, Inc. v. Missouri*

*Commission on Human Rights*, 527 S.W.3d 837, 843 (Mo. banc 2017).  Specifically, the Court in *Tivol* noted that:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission *shall* issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.

*Id.* (emphasis added).  In *Tivol*, more than 180 days passed following the filing of the charges, and the employees' complaints were still pending at the time they requested a right-to-sue letter.  *Id.* at 844.  The MCHR did what it should have done in the case of Rice, which was to immediately stop processing the complaints and issue a right-to-sue letter.  *See id.*  Plaintiff cannot be punished for the MCHR's failure to comply with Missouri law.

Ultimately, serious prudential concerns would arise if Plaintiff was not permitted to pursue her MHRA claims, given MC HR's refusal to issue a right-to-sue letter.  The EEOC appropriately provided Plaintiff with a right-to-sue letter on August 28, 2019.  Thereafter, Plaintiff had ninety days to file suit under Title VII.  Plaintiff could not continue to wait for the MCHR to perform the duties required of it in issuing a right-to-sue letter past the date of her filing of her Petition in November 2019, without rendering her Title VII cause of action untimely.  The other option, to file suit under Title VII in November 2019, and later file suit under the MHRA once a right-to-sue letter is issued (assuming MCHR will ever do so), would be a tremendous waste not only of the parties' resources, but that of the courts, as well.  Further, Defendant St. Louis University would surely claim the two suits were duplicative.  Plaintiff should not be punished for the MCHR's failure to comply with Missouri state law.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants'

Motion to Dismiss Counts III, VIII, and IX of her Petition.

Respectfully submitted,

**DANNA MCKITRICK, PC**


BY: _/s/ David R. Bohm_
David R. Bohm, 35166MO
David W. Morin, 61590MO
Attorneys for Plaintiff Mandy Rice
Danna McKitrick, P.C.
7701 Forsyth Blvd., Suite 800
St. Louis, MO  63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail: dbohm@dmfirm.com
        dmorin@dmfirm.com

## CERTIFICATE OF SERVICE


The undersigned certifies that on this 19th day of December 2019, that a true copy
of the foregoing was filed electronically with the Clerk of the Court to be served by operation of
the Court's electronic filing system to all counsel of record.


BY: _/s:/ David R. Bohm_