IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MANDY RICE, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-03166-SEP |
| | ) | |
| ST. LOUIS UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND REQUEST TO CONDUCT ADDITIONAL DISCOVERY**

The Court should recognize Plaintiff's Motion for Extension of Time and Request to Conduct Additional Discovery for what it is: an attempt to defer – for a second time[1] – a ruling on summary judgment, despite completed and robust discovery on the claims at issue in Defendants' summary judgment motion. All of the claims at issue have been fully briefed and submitted for ruling previously in Plaintiff's state court action, and Plaintiff utterly fails to make the showing required to defer ruling on Defendants' well founded motion. Her request should be denied.

Plaintiff's Motion fails, first and foremost, because it is wholly inadequate under Rule 56(d). Plaintiff does not even attempt to provide any of the requisite components of a request for additional discovery – such as an affidavit with the specific facts that she hopes to elicit from further discovery, a showing that the facts sought exist, or any argument that such sought-after facts are "essential" to resist the summary judgment motion. Instead, she makes an unspecific request for open-ended discovery on unidentified issues. Not only is there no basis for this request under federal rules, it is clear from plaintiff's own failure to identify any specific

---

[1] Plaintiff previously avoided ruling on summary judgment by dismissing her prior case just days before an anticipated ruling by the state court on the fully-briefed and argued motion.

discovery needed that additional discovery cannot save Plaintiff's claims from dismissal. In fact, the vast majority of Defendants' arguments in their Motion for Summary Judgment are based on Plaintiff's own *pleadings*, rather than facts elicited in discovery. For example, Plaintiff's breach-of-contract claims are barred as alleged – regardless of the evidence – based on the educational-malpractice doctrine, and Plaintiff failed to even *allege* actionable publication of the statements at issue in her defamation claims.

Rather than fulfilling the requirements of Rule 56(d), Plaintiff devotes her Motion to a recitation of perceived unfair rulings from the Circuit Court of St. Louis City in her prior related litigation. Without even alleging any specific error by the Circuit Court, Plaintiff now attempts to use this new forum to essentially appeal the court's unfavorable discovery rulings. But contrary to Plaintiff's assertions, she cannot use dismissal to evade the Circuit Court's rulings and start discovery anew. Plaintiff conducted extensive discovery in her prior litigation, fully briefed and argued Defendants' nearly identical summary judgment motion, and was a mere three weeks from trial on the claims at issue at the time of her dismissal. Allowing her to re-open discovery and force Defendants to re-argue the extensive, factually-complex discovery issues already decided by the Missouri Circuit Court would constitute an extreme abuse of the dismissal process and a waste of judicial and party resources. Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time and Request to Conduct Additional Discovery.

## **BACKGROUND**

On August 25, 2017, in the Circuit Court for St. Louis City, Plaintiff filed a Petition for breach of contract and promissory estoppel against Saint Louis University ("SLU"), for defamation against Drs. Catherine Wittgen and Carl Freeman, and for injunctive relief against all

Defendants (Plaintiff's "State Court Litigation").  On December 14, 2018, Plaintiff filed a Motion for Leave to File to Amend Her Petition and to Join Additional Defendant, which the court granted on April 5, 2019.  In her First Amended Petition, Plaintiff made claims of defamation against Drs. Freeman, Wittgen, and Michael Williams, claims of breach of contract and promissory estoppel against SLU, and a claim of injunctive relief against all Defendants.

Plaintiff engaged in extensive discovery in the State Court Litigation.  She took six depositions, served 81 interrogatories including 142 subparts, as well as 43 Requests for Production on Defendants.  Despite receiving lengthy responses, and voluminous document production and supplementation from Defendants, which easily provided all of the discovery Plaintiff was entitled to under applicable rules, Plaintiff filed an absurd 245-page Motion to Compel, as well as other discovery motions related to two subpoenas.[2]  After full briefing and multiple hearings, Judge Joan Moriarty ruled on all of Plaintiff's discovery motions, denying the majority of Plaintiff's requests because Defendants had already robustly complied, but also allowing Plaintiff to take a limited additional deposition of one defense witness, Dr. Nirav Patel.

Pursuant to a Joint Proposed Scheduling Order agreed to by the parties, and entered by the court, discovery on Plaintiff's claims closed April 26, 2019.  Defendants then submitted a Motion for Summary Judgment on all claims.  Plaintiff filed a detailed response in opposition to that Motion, and as well as 55 additional "Material Facts" with extensive citation to the record.  She made no claim at the time that her response to the motion was hampered by a need for additional discovery.  A hearing was held on the Motion on July 11, 2019, at which the Court dismissed Plaintiff's promissory estoppel and injunctive relief claims with prejudice, and took the remaining claims under advisement.  On September 4, 2019, approximately three weeks prior

---

[2] After Judge Joan Moriarty granted SLU's Motion to Quash on a subpoena served by Plaintiff, Plaintiff also filed a Motion for Reconsideration of that Order, which was denied by the state court.

to trial scheduled for September 26, 2019, and **just days before the court had indicated it would be issuing a ruling on Defendants' pending Motion for Summary Judgment**, Plaintiff dismissed her remaining claims without prejudice.

On November 20, 2019, Plaintiff filed a new action re-asserting the same breach-of-contract, injunctive relief, and defamation claims against Defendants. *See* Pl.'s Pet. (Doc. 5). She also brings new claims against SLU under Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act. On December 11, 2019, Defendants filed a Motion for Summary Judgment on Plaintiff's defamation and breach-of-contract claims, arguing – just as they did in the State Court Litigation – that they fail on multiple grounds. *See* Docs. 17-19. On December 18, 2019, Plaintiff filed the instant Motion, requesting unlimited additional time and unspecified discovery to respond to Defendants' Motion for Summary Judgment.

## ARGUMENT

### I. Plaintiff's Motion Fails to Satisfy the Requirements of Rule 56(d).

The Eighth Circuit has made it clear that Rule 56 "'does not require trial courts to allow parties to conduct discovery before entering summary judgment.'" *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997) (quoting *United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985) (per curiam)), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Although Rule 56(d) (formerly Rule 56(f)) allows a party to seek additional discovery in response to a motion for summary judgment, the party must specifically show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

4

Plaintiff has fulfilled precisely none of these criteria.  She: (1) failed to submit an affidavit; (2) failed to identify any specific facts that might be elicited from additional discovery; and (3) failed to even attempt to explain how any additional facts are relevant to her response to Defendants' Motion for Summary Judgment.  Instead, she broadly requests this Court allow her to pursue discovery allegedly "denied" to her in the State Court Litigation - - implying without justification or explanation that the state court was either somehow universally wrong in all of its discovery rulings, or biased against her.  This request is the exact type of speculative fishing expedition expressly disallowed by the Eighth Circuit.  *See Duffy*, 123 F.3d at 1041 ("[I]t is well settled that 'Rule 56([d]) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]."), *cert. denied*, 523 U.S. 1137 (1998) (abrogated on other grounds), *quoting Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836-37 (8th Cir. 2015) (affirming denial of request for additional discovery under Rule 56(d) because plaintiff did not state with specificity what evidence further discovery would uncover or why such evidence was essential to determining summary judgment issues); *see also* Moore's Federal Practice—Civil, § 56.102[2] (3d ed. 2013) ("Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice.").

Because Plaintiff's Motion wholly fails to meet the requirements to necessitate further discovery under Fed. R. Civ. P. 56(3), this Court should deny it.  *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (if a party fails to carry its burden under Rule 56(d), "postponement of a ruling on a motion for summary judgment is unjustified."), *quoting Humphreys v. Roche Biomedical Labs, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)); *Toben*, 751 F.3d at 894-96 (affirming denial of Rule 56(d) motion to stay which failed to show what

5

additional documents or specific facts would prove plaintiff's claim meritorious; affidavit showed only "speculative hope" of finding evidence to support claim); *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.,* 687 F.3d 1045, 1049-50 (8th Cir. 2012) (affirming denial of postponement of summary judgment ruling because affidavit failed to show what specific facts or information further discovery might reveal); *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (affirming denial of continuance where affidavit failed to articulate how additional information sought was relevant to grounds raised in summary judgment motion); *Rakes v. Life Investors Ins. Co.*, 582 F.3d 886, 896 (8th Cir. 2009) (affirming denial of Rule 56 motion for continuance where plaintiffs failed to identify what they were missing or explain how they were prevented from opposing the summary judgment motion).

## II. Plaintiff Has All the Discovery Necessary to Respond to Defendants' Motion For Summary Judgment.

Even if Plaintiff had attempted to satisfy the requirements of Rule 56, she could not show any specific additional discovery which would alter the outcome of Defendants' Motion for Summary Judgment.  First, as detailed above, Plaintiff conducted extensive discovery in the State Court Litigation.  In the two years that the case was pending, she conducted six defense depositions and served several sets of written discovery, including 81 interrogatories, on Defendants.  After discovery closed, Plaintiff was able to file a lengthy opposition to Defendants' motion for summary judgment, argued her opposition to Judge Moriarty, and was apparently preparing to proceed to trial on those claims months ago.

Second, no amount of discovery could save Plaintiff's breach-of-contract and defamation claims. Defendants' Motion for Summary Judgment is heavily premised on Plaintiff's pleadings, rather than the facts adduced through discovery.  For example, Defendants argue that Plaintiff's breach-of-contract allegations cannot succeed because they are barred by Missouri law

6

prohibiting educational-malpractice claims. *See* Defs. Memo. in Supp. of Mot. for Summ. J. (Doc. 18), at pp. 12-15. Plaintiff's robustly pled Petition makes this abundantly clear. Similarly, Plaintiff's defamation claims against Dr. Freeman fail based on her own Petition and as clearly established by the letter attached as an exhibit to her Petition because the letter itself does not use the allegedly defamatory term "consensus." *Id.* at 17-18. No amount of discovery will change this fact. And, as argued in Defendants' Motion, the term "consensus" – even it was used in the letter in question, is not an actionable defamatory statement because it is subjective and capable of multiple interpretations. *Id.* at 18-19. Finally, several issues necessitating dismissal of Plaintiff's claims are largely within her knowledge, and Plaintiff cannot show that further discovery on Defendants would have *any* impact on her ability to address those arguments. For example, Plaintiff is the person with the most knowledge of her own actions on September 6, 2016, in order for her to establish the alleged falsity of Defendants' statements concerning Plaintiff's activity on that date. Based on Plaintiff's own sworn representations of her actions, Defendants are entitled to summary judgment on that defamation claim because Plaintiff cannot show falsity of the statements at issue. *Id.* at 20-21. No amount of further discovery could cure that fatal flaw for Plaintiff.

Because further discovery is unnecessary and irrelevant to Defendants' Motion for Summary Judgment, Plaintiff's Motion should be denied on this basis as well.

**III.    Plaintiff Cannot Use Dismissal to Evade the State Court's Unfavorable Rulings.**

Plaintiff's attempts to use dismissal to force Defendants to repeat the extensive discovery and motion practice already undertaken in the State Court Litigation are grossly inappropriate, abusive, and a waste of party and judicial resources. Federal courts universally disfavor such conduct. *See* 8 Moore's Federal Practice § 41.40[7][b] (3d ed. 1999) ("A dismissal to avoid the effect of ... unfavorable, but not necessarily dispositive, rulings by the court may constitute legal

7

prejudice."); *Webb v. Altec Indus.*, No. 93 C 5288, 1994 WL 162815, at *2 (N.D. Ill. April 25, 1994) (plaintiffs could not avail themselves of a voluntary dismissal to circumvent unfavorable discovery rulings); *Carrion-Ramos v. Nestle De Puerto Rico, Inc.*, No. 14-1137 (SEC), 2015 WL 9239775, at *4 (D.P.R. Dec. 17, 2015) ("a plaintiff 'is not permitted to dismiss merely to escape an adverse decision...'").

In support of her argument that this Court should start discovery anew, without regard to the extensive previous discovery between the parties on the exact same claims, Plaintiff cites *Richman v. Coughlin*, 75 S.W.3d 334 (Mo. Ct. App. 2002).  That case, however, addressed the specific situation where the trial court ruled on dispositive motions in the case after plaintiff had filed a voluntary dismissal.  The full quotation (paraphrased by Plaintiff in her Motion) reads:

> nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity.  The legal situation is as though the suit had never been brought.  No steps can be taken, and any step attempted in the dismissed suit is a nullity.

*Id*., at 337, quoting *Samland v. J. White Transp. Co., Inc.*, 675 S.W.2d 92, 96 (Mo. App. 1984).  *Richman* merely holds that a court has no jurisdiction over an action after it has been dismissed.  It does not stand for the proposition that Plaintiff may act as if the prior litigation never occurred and start discovery anew once a claim is re-filed.

Further, Plaintiff provides no rational for this Court to overturn the Circuit Court's prior discovery rulings beyond broadly stating that her discovery motions were denied, while Defendants' motions were granted.  Plaintiff alleges no error on the part of the Circuit Court and does not point to any specific issues with the Circuit Court's rulings or written opinions in support of her broad characterization that discovery was somehow lopsided.  Therefore, and in the interests of comity, this Court should not disturb the Circuit Court's prior rulings on these discovery issues.  *See Johnson v. Krebs*, No. 4:18-CV-04108-RAL, 2018 WL 4696754, at *7

8

(D.S.D. Oct. 1, 2018) ("…principles of issue preclusion, full faith and credit, and comity generally result in deference to state court rulings…"). For these reasons, as well, the Court should deny Plaintiff's Motion.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that this Court grant deny Plaintiff's Motion to for Extension of Time to Respond to Defendants' Motion for Summary Judgment, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Gregg M. Lemley*
Gregg M. Lemley, #44464
Julia B. Drafahl, #66892
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
Gregg.Lemley@ogletree.com
Julia.Drafahl@ogletree.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 26, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Gregg M. Lemley*
Attorney for Defendants

41175095.1