UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MANDY RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-03166 SEP |
| | ) | |
| ST. LOUIS UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Partial Motion to Dismiss.  Doc. [12].  The

Motion is fully briefed and ripe for disposition.  For the reasons outlined below, Defendants'

Motion will be granted.

**I.      BACKGROUND**

On consideration of Defendants' Partial Motion to Dismiss, the Court accepts Plaintiff's

factual allegations as true.  *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

From 2013 to 2018, Plaintiff, Dr. Mandy Rice ("Dr. Rice"), was a surgical resident in

Defendant St. Louis University's ("SLU") General Surgery Residency program.  The first few

years of Dr. Rice's residency were uneventful.  By the end of her third year and continuing into

her fourth, problems arose.  Dr. Rice received poor scores on the American Board of Surgery

Inservice Training Examination and was placed on academic probation; she experienced hostility

and criticism from attending physicians and faculty members; and the overall relationship

between Dr. Rice and SLU deteriorated.

During the fall of her fourth year, Dr. Rice was assigned to work with Defendant Wittgen

("Dr. Wittgen") in the SLU Vascular Service unit.  Dr. Wittgen subjected her to intimidation and

1

verbal abuse for being "too much of a nurse," which Dr. Rice perceived as an attack on her gender.  Shortly thereafter, Dr. Rice was notified that the Surgery Residency Clinical Competency Committee had identified several "critical deficiencies" in her performance.  The Committee failed to provide specifics about the deficiencies or how she could improve her performance, despite repeated requests.

In January 2017, when Dr. Rice was on rotation with the Trauma Service unit, Defendant Freeman ("Dr. Freeman") again reprimanded her for behaving more like a nurse than a surgeon. That rotation culminated in Dr. Freeman handing Dr. Rice a "consensus" letter from the Trauma Service, suggesting that Dr. Rice's personality traits were impeding her progress as a surgeon.

As the year continued, Dr. Rice tried to challenge the negative evaluations of her performance, but she failed to find support within SLU's administration.  In April 2017, the faculty decided that Dr. Rice would need to repeat her fourth year of residency.  She appealed that decision, to no avail, and ultimately signed an agreement to repeat her fourth year.  Shortly thereafter, Dr. Rice filed a lawsuit against SLU and Drs. Wittgen and Freeman in the Circuit Court for St. Louis City, Missouri, alleging breach of contract, promissory estoppel, and defamation.

While the suit was pending, Dr. Rice repeated her fourth year of residency and experienced similar difficulties.  In March of 2018, for example, Dr. Rice was subjected to verbal abuse by Dr. Montenegro, her supervising attending on one of her rotations.  Dr. Rice complained about this abuse to SLU Hospital's Chief Medical Officer, and Dr. Montenegro was subsequently disciplined.  Soon after, Dr. Montenegro and another attending physician, Dr. Schwartz, wrote negative reviews of Dr. Rice's performance, apparently in retaliation for her reporting Dr. Montenegro's behavior.

At the end of her repeat-fourth year, the SLU administration decided not to renew Dr. Rice's contract for a fifth year of residency, effectively terminating her relationship with the University.  Dr. Rice then filed charges on August 5, 2018, with the Missouri Commission on Human Rights ("MCHR" or "Commission") and the Equal Employment Opportunity Commission ("EEOC"), alleging she had been discriminated against because of her sex in violation of the Missouri Human Rights Act ("MHRA") and Title VII of the Federal Civil Rights Act.

In December of 2018, Dr. Rice amended the petition in her still-pending lawsuit to include descriptions of Dr. Montenegro's abusive conduct, as well as other allegations that had arisen since she first filed suit.  Despite including the factual allegations she would later cite as sex discrimination, Dr. Rice did not include any cause of action asserting sex discrimination in her amended complaint.  After receiving a right-to-sue letter from the EEOC on August 28, 2019, Dr. Rice dismissed her lawsuit without prejudice.

On November 20, 2019, Dr. Rice refiled her lawsuit, again in state court, this time bringing causes of action related to sex discrimination under both Title VII and the MHRA.  *See* Doc. [5] at 51-62.  In her petition, Dr. Rice acknowledged that the MCHR had refused to issue her a right-to-sue letter, but she argued that it should not bar her lawsuit because the Commission had acted "without authority."  Defendants removed the case to this Court on November 27, 2019, under 28 U.S.C. §§ 1331, 1441, and 1446.  On January 13, 2020, the MCHR issued Dr. Rice a right-to-sue letter as to allegations occurring before August 28, 2017, but declined to issue her a right-to-sue letter as to allegations occurring on or after August 28, 2017.[1]  *See* Doc. [40-2].

---

[1] The MCHR determined that it lacked jurisdiction over Dr. Rice's allegations occurring on or after August 28, 2017, because a recent amendment to the MHRA exempted those allegations from its coverage.  *See* Doc. [40-2]; *see also* Section III.B, *infra*.

Defendants now move to dismiss Counts III, VIII, and IX of Dr. Rice's petition.  Count III seeks preliminary and permanent injunctive relief against all Defendants, and Counts VIII and IX seek damages under the MHRA for sex discrimination and retaliation, respectively.

## II.   STANDARD OF REVIEW

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Mineta*, 410 F.3d at 1039 (citing *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## III.   DISCUSSION

### A.  Count III is barred by res judicata.

Before Dr. Rice dismissed her original lawsuit, the Circuit Court had dismissed Count IV of her amended petition with prejudice.  In Count IV, Dr. Rice had sought preliminary and permanent injunctive relief against all Defendants on the grounds that Dr. Rice was suffering:

> immediate and irreparable harm as a result of: (a) not being advanced to the fifth (PGY-5) year in SLU's surgical residency; and (b) being subject to retaliation for advocating for herself, including but not limited to being placed on a "unique" schedule or rotations.  This harm includes damage to her reputation in the medical community in the St. Louis area and beyond, which will impact her employment opportunities throughout her career, her ability to obtain a surgical sub-specialty fellowship, and which will also likely prevent her from obtaining an academic medical position after completion of her training.

Doc. [13-1] at 46-47.  Dr. Rice requested an injunction banning further retaliation against her, expunging her record of any reference to her having been required to repeat the fourth year of her residency or having later being terminated from the program, and forbidding Defendants from relating the same information.

Count III of Dr. Rice's November 2019 petition in her second lawsuit is a word-for-word recreation of Count IV of her 2018 amended petition, except for the following addition to the paragraph listing the causes of "immediate and irreparable harm" to Dr. Rice:

> . . . and (c) being subjected to discriminatory conduct directed at her by Dr. Montenegro, in the form of abusive and bullying behavior on account of her sex and being retaliated against when she complained about such behavior.

Doc. [5] at 45-46.  Defendants assert that Count III of Dr. Rice's petition is barred by res judicata because it is the same cause of action as Count IV of her 2018 amended petition, which the Circuit Court dismissed with prejudice.  Dr. Rice contends that the addition of Dr. Montenegro's conduct to the claim saves it from being barred.  The Court agrees with Defendants.

Under 28 U.S.C. § 1738, federal courts must apply res judicata "whenever the courts of the State from which the judgments emerged would do so."  *Allen v. McCurry*, 449 U.S. 90, 96 (1980).  In Missouri, courts apply res judicata "where (1) 'the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'"  *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999) (quoting *De Llano v. Berglund*, 183 F.3d 780, 781 (8th Cir. 1999)).  There is no dispute here that the Circuit Court had jurisdiction, that its dismissal with prejudice was a final judgment on the merits, and that the same two parties have been involved in both cases.  Accordingly, the only issue before the Court is whether Count III of the instant petition involves "the same cause of action" as Count IV of Dr. Rice's earlier petition.

A claim is considered part of the same cause of action if it was, or could have been, raised in an earlier proceeding:

> Unlike collateral estoppel, [res judicata] applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce

5

judgment, but to ***every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time***. Put otherwise, a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding.

*King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991) (internal citations omitted) (emphasis added). Whether a claim could have been raised in an earlier proceeding depends on whether it "arises from the same transaction or series of connected transactions out of which the [previous] cause of action arose." *Id*. at 502. "Transaction" is understood broadly for res judicata purposes. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. banc 2002). A transaction includes "the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose." *King Gen. Contractors*, 821 S.W.2d at 501 (quoting *Burke v. Doerflinger*, 663 S.W.2d 405, 407 (Mo. Ct. App. 1983)).

The lion's share of Dr. Rice's current Count III plainly arises from the same facts and circumstances as Count IV of the amended petition in her earlier case. Indeed, except for the addition of Dr. Montenegro's conduct to her allegations of harm, the two counts are identical. Dr. Rice effectively concedes as much. *See* Doc. [24] at 4 (citing only her allegations of sex discrimination and retaliation as new). The addition of "new" allegations of sex discrimination and retaliation as additional bases for injunctive relief does not save Count III from res judicata because those allegations could have been raised in her amended petition. *See King Gen. Contractors*, 821 S.W.2d at 501.

In fact, Dr. Rice's amended petition *did* allege the "abusive and bullying behavior" and "being retaliated against" by Dr. Montenegro that she now cites as an additional basis for

injunctive relief.  Doc. [13-1] ¶¶ 102-09.  For some reason, Dr. Rice chose not to incorporate those factual allegations into her claim for injunctive relief at that time.  *Id.* ¶ 134.  She cannot now change her mind and, on that basis alone, assert the otherwise-identical claim anew.  *Kelser v. Curators of the Univ. of Missouri*, 516 S.W.3d 884, 891 (Mo. App. 2017) ("For a subsequent claim on the same transaction to be considered separate, 'there must be new ultimate facts, as opposed to evidentiary details, that form a new claim for relief.'  To constitute 'new' ultimate facts, those facts that form the basis of a new claim for relief *must be unknown to plaintiff or yet-to-occur at the time of the first action*." (citations omitted) (emphasis added)).

Without citing case law or any other support, Dr. Rice claims that she "could not . . . have file[d] a claim for sexual harassment or retaliation or complaining of sexual harassment," in her amended petition because she had not yet received a right-to-sue letter from either the EEOC or MCHR.  Doc [24] at 4.  That argument does not justify reviving her dismissed claim for injunctive relief for at least two reasons.

First, while the Eighth Circuit has not addressed the issue, numerous courts have held that the lack of a right-to-sue letter is not a defense to res judicata.  *See, e.g.*, *Anderson v. Abraham*, 214 F. Supp. 2d 1036, 1040 (D.N.D. 2002) ("Courts have consistently held that res judicata bars plaintiffs from asserting claims which existed at the time of a prior suit, even if plaintiff had not yet received a right-to-sue letter on the current claim at the time of the prior suit.") (citing *Owens v. Kaiser Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (collecting cases)); *Midyett v. Wilkie*, No. 5:19-CV-5152, 2019 WL 6871238, at *6 (W.D. Ark. Dec. 16, 2019) ("Midyett's failure to take protective measures to preserve his EEO claims while his factually similar employment-based claims were pending in court exposed him to the risk that any later-filed

7

claims could be dismissed due to res judicata.  The Fifth, Tenth, Third, and Sixth Circuits are in agreement with the other Circuits on this point.") (collecting cases).

Second, even if Dr. Rice had been barred from asserting freestanding claims of sexual harassment and retaliation until she received right-to-sue letters, that still would not have prevented her from asserting the harms she suffered as a result of Dr. Montenegro's "abusive and bullying behavior" as a further predicate for injunctive relief in her first lawsuit.  Along with "not being advanced" and "being subject to retaliation for advocating for herself," Dr. Rice now wants to argue that Dr. Montenegro's abuse and bullying is part of the "immediate and irreparable harm" that justifies granting her an injunction against Defendants.  That would have been no less true when Dr. Rice filed her amended petition, which included both the allegations against Dr. Montenegro and a cause of action seeking identical relief.  Therefore, the only part of Count III that is allegedly "new" could easily have been included in the earlier claim.

Because Count III of this lawsuit "arises from the same transaction or series of connected transactions" as the substantially identical Count IV of Dr. Rice's earlier lawsuit, Count III is barred by res judicata.  *King Gen. Contractors*, 821 S.W.2d at 502.

### B.  Counts VIII and IX are barred by a combination of failure to exhaust administrative remedies and the statute of limitations.

Defendants argued in their Motion to Dismiss that Counts VIII and IX of Dr. Rice's petition, which allege violations of the MHRA, are barred because she failed to exhaust her administrative remedies.  Specifically, Defendants noted that Dr. Rice had not received a right-to-sue letter from the MCHR, which is a "condition precedent" to bringing an MHRA claim. Doc. [13] at 5 (quoting *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir. 1998)); *see also Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 149 (E.D. Mo.

1996)("[R]eceipt of a notice of right to sue is a condition precedent to filing an MHRA civil action . . . .").

After Defendants filed their Motion, however, the MCHR issued Dr. Rice a letter granting her the right to sue as to allegations occurring before August 28, 2017, but not as to allegations occurring on or after that date.  Defendants then filed supplemental briefing, arguing that Dr. Rice's claims relating to allegations occurring on or after August 28, 2017, are still foreclosed by the MCHR's failure to issue a right-to-sue letter, and that any claims based on allegations occurring before that date are barred by the MHRA's two-year statute of limitations. *See* Doc. [40-1].  In response, Dr. Rice does not address the application of the MHRA's statute of limitations, but she does argue that none of her claims should be precluded by MCHR's refusal to issue a right-to-sue letter because that decision was invalid.  Doc. [50].  The Court again agrees with Defendants.

> 1. *Because Plaintiff did not appeal the MCHR's refusal to provide her with a right-to-sue letter for her claims based on allegations occurring on or after August 28, 2017, those claims must be dismissed.*

Obtaining a right-to-sue letter is a prerequisite for filing an MHRA claim.  *See* Mo. Rev. Stat. §§ 213.075, 213.111(1); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) ("Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter.").  Dr. Rice argues that she should be excused from satisfying that prerequisite because the MCHR's denial of her right-to-sue letter was erroneous.[2]

---

[2] Under Missouri law, "[i]f 180 days have passed since the complaint was filed without the MCHR completing its administrative processing, and the employee requests a right-to-sue letter, section 213.111.1 expressly requires the MCHR to issue the letter."  *State ex. rel. Tivol Plaza, Inc. v. Mo. Comm'n on Hum. Rts.*, 527 S.W.3d 837, 844 (Mo. banc 2017).  Dr. Rice requested a right-to-sue letter on September 6, 2019, after the MCHR's 180-day window had elapsed.  Doc. [24] at 6; Doc. [24-1].

Even assuming the MCHR acted wrongfully, however (a question as to which this Court expresses no opinion), that would not license Dr. Rice to forge ahead with her MHRA claims in this lawsuit just as if she had received the requested letter.

The MHRA dictates the procedure for challenging adverse MCHR actions:  Litigants may appeal in state circuit court "in the manner provided by" the Missouri Administrative Procedures Act, Chapter 536 of the Missouri Revised Statutes.  Mo. Rev. Stat. §§ 213.085.2, 213.085.3.  If that were not clear enough from the statute itself, it is also included in the letter sent by the MCHR denying Dr. Rice a right-to-sue letter as to her post-August 28, 2017, claims:  "[I]f any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court." Doc. [40-2] at 2.  *See also Lampley v. Mo. Comm'n on Hum. Rts.*, 570 S.W.3d 16, 20-22 (Mo. banc 2019) (analyzing the judicial review process for MCHR decisions under the Missouri Administrative Procedures Act); *Emsweller v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 591 S.W.3d 495, 498-99 (Mo. Ct. App. 2019) (unpublished), *reh'g/transfer denied* (Nov. 25, 2019) ("[A] writ of mandamus can be utilized with the circuit court under section 536.150.1 RSMo. 2000 when challenging the MCHR's authority for not following proper procedures or timeliness issues.") (collecting cases).

Because Dr. Rice did not appeal the MCHR's denial, the MHRA claims for which she has no right-to-sue letter (i.e., her claims based on allegations occurring on or after August 28, 2017) must be dismissed.  *See Bonvicino v. Sec. Serv. of America, L.L.C.*, No. 4:07CV78 JCH, 2007 WL 1138843, at *4 (E.D. Mo. Apr. 17, 2007) (dismissing MHRA claims where plaintiff did not appeal MCHR's denial of a right-to-sue letter); *Allen v. Family Counseling Ctr.*, No.

---

Therefore, Dr. Rice believes that the MCHR "did not have the right to deny" her that letter on either September 13, 2019, or January 13, 2020.  Doc. [24-2]; Doc. [40-2].

1:09CV64 CDP, 2010 WL 254925, at *2 (E.D. Mo. Jan. 19, 2010) (dismissing MHRA claims for

failure to exhaust administrative remedies because plaintiff did not contest MCHR decision).

> 2.  *Plaintiff's claims based on allegations occurring prior to August 28, 2017, are barred by the MHRA's two-year statute of limitations.*

An MHRA claim "alleging an unlawful discriminatory practice" must be filed "no later

than two years after the alleged cause occurred or its reasonable discovery by the alleged injured

party."  Mo. Rev. Stat. § 213.111.1.  Dr. Rice filed the instant action on November 20, 2019.

Therefore, Defendants rightly point out, any claims based on allegations occurring prior to

August 28, 2017, would fall outside the statutory limitations period.  Doc. [40-1] at 2.  Such

claims are thus "barred . . . unless [Dr. Rice] can demonstrate some reason why that period

should be tolled."  *Schlute v. Consol. Freightways Corp. of Delaware*, No. 4:93CV1156CDP,

1994 WL 912944, at *2 (E.D. Mo. Mar. 1, 1994); *see also Hammond v. Mun. Corr. Inst.*, 117

S.W.3d 130, 138 (Mo. Ct. App. 2003) ("Statutes of limitations contained in the Missouri Human

Rights Act have been strictly construed," and they "cannot be avoided unless the party seeking to

do so brings himself within an exception enacted by the legislature.").

As the party seeking to avoid a statute of limitations defense, Dr. Rice must affirmatively

show that her claims fall within a recognized exception.  *Wilkinson v. Bennett Const. Co.*, 442

S.W.2d 166, 168 (Mo. Ct. App. 1969) ("[A] party wishing to make an exception to the [statute of

limitations] must show affirmatively such facts as will take his case out of the rule.") (quoting

*Richardson v. Harrison*, 36 Mo. 96, 100 (Mo. 1865)); *see also Plengemeier v. Thermadyne*

*Indus. Inc.*, 409 S.W.3d 395, 400 (Mo. Ct. App. 2013) (placing burden on plaintiff to prove

exception to statute of limitations).  In her response to Defendants' supplemental briefing, Dr.

Rice made no attempt to show that her claims based on allegations occurring prior to August 28,

11

2017, fall within any recognized exceptions to the MHRA's statute of limitations.  *See generally* Doc. [50].  Therefore, those claims are barred.

IV.     **CONCLUSION**

For the reasons outlined above, Plaintiffs' Counts III, XIII, and IX must be dismissed.

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (Doc. [12]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts III, XIII, and IX of the Petition (Doc. [5]) are **DISMISSED** with prejudice.

Dated this 4th day of May, 2020.

_____

Sarah E. Pitlyk
United States District Judge