

**DANNA McKITRICK, P.C.**
ATTORNEYS AT LAW

7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
314.726.1000
636.946.2203
f 314.725.6592

David R. Bohm
Direct: 314.889.7135
E-Mail: dbohm@dmfirm.com

December 2, 2020

**VIA EMAIL**
Julia B. Drafahl, Esq.
Gregg M. Lemley, Esq.
Ogletree, Deakins, Nash,
    Smoak & Stewart, PC
7700 Bonhomme Ave., Ste. 650
St. Louis, MO 63105
julia.drafahl@ogletree.com
gregg.lemley@ogletreedeakins.com

        **RE:   Rice, Mandy L., D.O. / St. Louis University School of Medicine**
             **Our File Number: 15280-0116**

Dear Julia and Gregg:

     SLU's supplemental discovery responses were deficient in multiple respects, as detailed below. Please allow this correspondence to serve as an attempt to resolve a discovery dispute pursuant to Local Rule 3.04 and FRCP 37.

*Lisa Israel Executive Analysis Notes*

     SLU produced the Executive Analysis prepared by Lisa Israel, as well as some emails related to it, primarily regarding scheduling. However, SLU has not produced any of Israel's notes from her interviews, nor any other of Israel's notes or other documentation related to her analysis. It is hard to imagine that Israel did not take any notes in the course of conducting 37 interviews documenting the comments and complaints made by each interviewee about the program. In fact, Israel's emails indicate that she had over one hundred pages of notes from her investigation, yet none of these have been produced. As you know, the Court found that the Executive Analysis is highly relevant, and the self-critical analysis privilege does not apply. Therefore, there is no reason for withholding any of the documentation relating to Israel's Executive Analysis. Please supplement your production to include the aforementioned notes and other documentation and/or data related to the Executive Analysis.

     Also, please be aware that without Israel's notes, it will not be possible for me to adequately prepare for her deposition currently scheduled for December 15, 2020. If her notes are not produced at least one week in advance of her deposition, we will not be able to go forward with the deposition, and it will need to be rescheduled. I do not wish for there to by any further delays, so please provide the documents as soon as possible.

**EXHIBIT E**

*Incomplete Production*

Regarding the investigation of Dr. Rice's complaint concerning Dr. Montenegro, you produced two pages of handwritten, partly illegible notes (SLU 007007-08), which were buried amidst documentation concerning other general surgery residents who were placed on probation. No other notes or documentation were produced. No result of any investigation was produced. It is difficult to believe that this is the extent of all documentation of Dr. Rice's complaint and SLU's inquiry into it. The documents produced are sadly deficient and incomplete.  Please produce all remaining documentation concerning this investigation, including any documentation as to SLU's conclusions as to what occurred and any disciplinary action taken as a result.

*Attorneys' Eyes Only Designations*

You have marked every single page of SLU's supplemental document production (SLU 003067-68, SLU 006726-007082), as well as SLU's Second Supplemental Interrogatory Answers, as "Confidential – Attorneys Eyes Only." The "Attorneys' Eyes Only" designation appears to have been applied in a blanket fashion without any analysis of whether individual documents merited an AEO level of protection. As you know, an AEO designation is meant to be reserved for only that limited category of documents that are so sensitive that a "Confidential" designation will not suffice. To apply "Attorneys Eyes Only" to a document, there must be "a substantial risk of identifiable harm to the party or non-party producing documents if the particular documents designated as 'CONFIDENTIAL' are disclosed to all other Parties or non-parties to the action".

Here, SLU has designated its latest production of 359 pages as AEO in its entirety. This includes even mundane communications that contain no sensitive information whatsoever, such as arranging calendars to schedule interviews. Such an indiscriminate application of the AEO designation is not warranted and does not comply with the Stipulated Protective Order (Doc. 25) entered in this case.

The blanket AEO designation is problematic for the additional reason that it attempts to cloak documents in AEO protection retroactively. For example, you marked as AEO the entirety of Lisa Israel's report. This is strange considering you are aware we already possessed a copy. SLU cannot apply an AEO label to a document which Plaintiff already possessed as a means of preventing me from showing the document to my client and discussing it with her.

Therefore, pursuant to the procedure set forth in the Order dated December 23, 2019, please consider this our notice to you that Plaintiff does not agree that SLU's Second Supplemental Interrogatory Answers, SLU 003067-68, and SLU 006726-007082, should be designated as "Attorneys' Eyes Only." If you do not seek leave of Court within thirty (30) days as required by the order, then the documents will no longer be restricted as AEO. Alternatively, if you agree to withdraw your designation of those documents as AEO, we will agree to treat them as though they were marked "Confidential" instead. Based on the contents of the documents, a Confidential designation should be more than sufficient to protect the privacy of the parties and any third parties.

*Redactions without a Privilege Log*

The documents produced contained substantial redactions. However, SLU has not produced any accompanying privilege log. Without a privilege log, it is impossible to determine what privilege is being asserted and to assess whether the assertion of the privilege is justified. For example, there are redactions on SLU003067-68, SLU006726, SLU006728-29, SLU006731, SLU006733, SLU006735, SLU006740, SLU006747, SLU006752, SLU006754, SLU06758, SLU006979-006982, SLU007044. Without a privilege log, we are only left to guess at the reasons for all these redactions.

*Incomplete Document*

Document SLU 006981 appears to have been improperly scanned in such a way that part of the document has been cut off. Please reproduce this document in a format that does not crop out any of the edges of the document.

Please supplement your responses as described above no later than close of business on December 9, 2020. As mentioned, it is necessary that we obtain the aforementioned documents in order to be able to conduct the depositions as scheduled without delays. As always, please feel free to contact me to discuss the issues raised above. If we are not able to resolve these issues, then I will ask the court for a discovery dispute conference.

Sincerely,

DAVID R. BOHM

SAA