IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANDY RICE, D.O., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:19-cv-03166-SEP |
| ST. LOUIS UNIVERSITY, et al., | ) ) ) |
| Defendants. | ) ) |

### SSM SLUH, INC. D/B/A SSM HEALTH ST. LOUIS UNIVERSITY HOSPITAL'S OBJECTIONS TO SUBPOENA

COMES NOW SSM SLUH, Inc. d/b/a SSM Health Saint Louis University Hospital ("the Hospital"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 45(d)(2)(B) and provides the following Objections to the Subpoena served on it on December 22, 2020, a copy of which is attached hereto and marked Exhibit A (hereinafter "the Subpoena").

### OBJECTIONS

1. The Hospital objects to the Subpoena on the basis that the information sought to be discovered, namely "all notes, investigations, reports, analyses, or other documents created from March 1, 2018 to the present concerning any complaints or reports of mistreatment or bullying of Dr. Grace Montenegro, M.D." is protected from disclosure by the Missouri Peer Review Privilege. Pursuant to § 537.035 R.S.Mo.(4), "the interviews, memoranda, proceedings, findings, deliberations, reports, and minutes of peer review committees, or the existence of the same, . . . are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity. . . ." The confidentiality of the Peer Review process is critical to the integrity of the process and the protection of patients in the state of Missouri.

1887032



2. The Hospital further objects to the Subpoena on the basis that the information sought to be discovered is protected from disclosure by the Patient Safety and Quality and Improvement Act of 2005 ("Patient Safety Act"), 42 U.S.C. 299b-21 et seq. The Hospital is an active participant in a "patient safety organization" and the information sought to be discovered is confidential "patient safety work product" as defined in the statute and the regulations. *See* the Hospital's Patient Safety Act policies attached hereto and marked SSM 1 – SSM 10.

Section 299b-22 of the Patient Safety Act provides privilege and confidentiality protections, which are more sweeping than the Missouri Peer Review statute. Specifically, the Patient Safety Act states:

> **§ 299b-22. Privilege and confidentiality protections**
>
> (a) Privilege. Notwithstanding any other provision of Federal, State, or local law, and subject to subsection (c), patient safety work product shall be privileged and shall not be—
>
> > (1) subject to a Federal, State, or local civil, criminal, or administrative subpoena or order, including in a Federal, State, or local civil or administrative disciplinary proceeding against a provider;
> >
> > (2) subject to discovery in connection with a Federal, State, or local civil, criminal, or administrative proceeding, including in a Federal, State, or local civil or administrative disciplinary proceeding against a provider;
> >
> > (3) subject to disclosure pursuant to section 552 of title 5, United States Code [5 USCS § 552] (commonly known as the Freedom of Information Act) or any other similar Federal, State, or local law;
> >
> > (4) admitted as evidence in any Federal, State, or local governmental civil proceeding, criminal proceeding, administrative rulemaking proceeding, or administrative adjudicatory proceeding, including any such proceeding against a provider; or
> >
> > (5) admitted in a professional disciplinary proceeding of a professional disciplinary body established or specifically authorized under State law.

> **(b) Confidentiality of patient safety work product.** Notwithstanding any other provision of Federal, State, or local law, and subject to subsection (c), patient safety work product shall be confidential and shall not be disclosed.

42 USCS § 299b-22.

None of the exceptions in 42 U.S.C. § 299b-22(c) applies. Dr. Patel previously testified in the state court action that the complaints about Dr. Montenegro were submitted to the Hospital's Peer Review process and that the Peer Review process also served as the Hospital's patient safety process.

3. The Hospital objects to the Subpoena to the extent that it attempts to compel the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine and the common interest privilege/doctrine.

4. The Hospital objects to the Subpoena to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.

Dated: January 4, 2021                             Respectfully submitted,

                                                   GREENSFELDER, HEMKER & GALE, P.C.


                                                   By: ___/s/ Amy L. Blaisdell_____
                                                        Amy L. Blaisdell, #51068
                                                        10 South Broadway, Suite 2000
                                                        St. Louis, Missouri 63102
                                                        Telephone: 314.241.9090
                                                        Facsimile: 314.241.8624
                                                        apb@greensfelder.com

                                                        *Attorney for SSM-SLUH, Inc. d/b/a SSM Health Saint Louis University Hospital*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic mail on January 4, 2021 on counsel for all parties in this action, including the following:

| | |
|---|---|
| David R. Bohm<br>*dbohm@dmfirm.com*<br>David W. Morin<br>*dmorin@dmfirm.com*<br>DANNA MCKITRICK, P.C.<br>7701 Forsyth Blvd., Suite 800<br>St. Louis, MO  63105<br><br>***Attorneys for Plaintiff*** | Julie B. Drafahl<br>*julia.drafahl@ogletree.com*<br>Sarah J. Kuehnel<br>*sarah.kuehnel@ogletree.com*<br>Gregg M. Lemley<br>*gregg.lemley@ogletree.com*<br>OGLETRE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>7700 Bonhomme Ave., Suite 650<br>St. Louis, MO  63105<br><br>***Attorneys for Defendants*** |

/s/ Amy L. Blaisdell