UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANDY RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-03166-SEP |
| | ) |
| ST. LOUIS UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff Mandy Rice's Motion for Sanctions, Doc. [84], and Motion for Hearing, Doc. [86]. The motions are fully briefed and ripe for disposition.

On February 20, 2020, Plaintiff Mandy Rice filed a motion to allow discovery on her Title VII claims. Doc. [55]. Among other things, Plaintiff sought discovery of certain information Director of Professional Oversight Lisa Israel had relied on in preparing a report—referred to by the parties as the "SWOT analysis" or "Executive Analysis"—evaluating Defendant's General Surgery Residency Program in Spring 2019. In particular, Plaintiff sought to discover the names of interviewees and all documents related to the report.

The Court granted Plaintiff's motion on October 21, 2020, after finding that the analysis and the information supporting it was relevant to Plaintiff's claims. Doc. [80]. Because the discovery was to be limited to Plaintiff's Title VII claims, the Court ordered that the deposition be limited to two hours, with ninety minutes allocated to Plaintiff. A month later, Defendants informed Plaintiff that the documents, including "over 100 pages of notes," supporting Israel's report had been destroyed before the report was published. Docs. [84-2], [84-6] at 2. After learning that the documents underlying Israel's report had been destroyed, Plaintiff filed this motion seeking sanctions for spoliation and additional time for Lisa Israel's deposition.

To issue sanctions for spoliation of evidence "there must be a finding of *intentional destruction* indicating a desire to suppress the truth." *Sherman v. Richem Co., Inc.*, 687 F.3d 996, 1006. (8th Cir. 2012) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th

Cir. 2004)).  Then, the Court must find that the opposing party is prejudiced by the destruction of evidence.  *Stevenson*, 354 F.3d at 748.

Here, Defendants have presented evidence that the information was destroyed as part of a routine process—not with the intent to suppress the truth of any purported wrongdoing against Plaintiff.  *See, e.g.*, Doc. 90-3 ¶¶ 12-15.  Plaintiffs have neither refuted that evidence nor presented any evidence to the contrary.  In the absence of any evidence of culpable intent, sanctions are not appropriate.  *See Bakhtiari v. Lutz*, 2006 WL 8431689, *3 (E.D. Mo. Aug. 11, 2006) (denying sanctions when Defendant deleted Plaintiff's electronic account containing relevant information because Plaintiff failed to establish culpable intent), *aff'd*, 507 F.3d 1132 (8th Cir. 2007).

In addition, although Plaintiff alleges that the destruction "severely prejudiced" her, she provides little factual support for that claim.  *See* Doc. 84 ¶ 21.  She does point out the challenges that would be involved in "recreating Israel's notes and identifying potentially vital witnesses," Doc. 93 at 7-8, and that point is well taken.  Therefore, although Plaintiff has not met the standard for spoliation sanctions, the Court will exercise its inherent authority to amend an interlocutory order in order to grant Plaintiff additional time to depose Lisa Israel.  *See, e.g.*, *Dunne v. Resource Converting, LLC*, 2019 WL 1227456, at *2 (E.D. Mo. March 15, 2019) (quoting Fed. R. Civ. P. 54).  The Court limited the deposition of Lisa Israel to two (2) hours total with the expectation that Plaintiff would also receive her notes in discovery.  As that expectation has now changed, so will the Court's restrictions on Israel's deposition:  Plaintiff may depose her for 4.5 hours and Defendants for 1.5 hours.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mandy Rice's Motion for Sanctions for Spoliation of Evidence and/or For Order Allowing Plaintiff Seven Hours to Depose Lisa Israel (Doc. 84) is **GRANTED in part** and **DENIED in part**.  The request for spoliation sanctions is is denied.  Plaintiff will be granted additional time to depose Lisa Israel as set forth in this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing is **DENIED** at moot.

Dated this 15th day of January, 2021.

*/s/ Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE