```
STATE OF MISSOURI  )
                   ) SS
CITY OF ST. LOUIS  )
```


FILED
JUN 28 2019
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

```
MANDY RICE, D.O.,          )
                           )
        Plaintiff,         )
                           )   No. 1722-CC11181
        vs.                )
                           )   Division No. 20
ST. LOUIS UNIVERSITY, et   )
al.,                       )
                           )
        Defendants.        )
```

ORDER

The Court has before it plaintiff's motion to compel discovery, and specifically, testimony of Dr. Nirav Patel and the production of documents by Dr. Patel. The Court has considered the arguments of the parties and now rules as follows.

Plaintiff, a fourth year medical resident, brought this action seeking damages for breach of contract, promissory estoppel and defamation, and seeking injunctive relief, based on her being required to repeat the fourth year of her surgery residency. She named as defendants St. Louis University, Catherine Wittgen, M.D., and Carl Freeman, M.D.

The motion to compel arises out of the deposition of Dr. Patel, who testified that he was the Chief Medical Officer at

EXHIBIT A

SSM St. Louis University Hospital. The subject matter was a complaint filed by plaintiff regarding the conduct of Dr. Grace Montenegro during a surgical procedure. Objections were raised to several questions directed to Dr. Patel that the information sought was protected by the peer review privilege.

Section 537.035.4 RSMo, states in pertinent part "the interviews, memoranda, proceedings, findings, deliberations, reports, and minutes of peer review committees, or the existence of the same, concerning the health care provided any patient are privileged and shall not be subject to discovery, subpoena, or other means of legal compulsion for their release to any person or entity or be admissible into evidence in any judicial or administrative action for failure to provide appropriate care."

The Court has reviewed the complaint, the deposition of Dr. Patel, and the certified questions, in light of the peer review privilege. The Court finds that the first three certified questions must be answered, and the remaining questions are covered by the peer review privilege.

Plaintiff further seeks the production of, "any and all documents relating to the investigation of the events surrounding the complaints of Mandy Rice and others concerning Grace Montegro, M.D. and Catherine Wittgen, M.D. from January

2018 to present." Defendants object that this request is ambiguous, overbroad, seeks confidential and private information, and seeks documents not relevant to plaintiff's claims in this case.

The Court finds this request is ambiguous and overbroad, and to the extent it seeks documents relating to plaintiff's complaint regarding the incident referenced in Dr. Patel's deposition, it seeks privileged documents. The motion to compel must accordingly be denied.

THEREFORE, it is Ordered and Decreed that plaintiff's motion to compel is granted as to the first three certified questions from the deposition of Dr. Patel, and the motion is otherwise denied.

SO ORDERED:

_____
Joan L. Moriarty, Judge

Dated: June 28, 2019