IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

MANDY RICE, D.O., )
)
      Plaintiff, )
)
vs. )
) Case No. 1722-CC11181
ST. LOUIS UNIVERSITY, ) Division No. 1
CATHERINE M. WITTGEN, )
M.D. and CARL A. )
FREEMAN, M.D., )
)
      Defendants. )

DEPOSITION OF NIRAV PATEL, M.D.,
taken on behalf of the Plaintiff
on February 22, 2019

Reported by
Carla R. Wenzel
Missouri CCR Number 908
Illinois CSR Number 084-004028

## Bi-State Reporting, Inc.

1204 Seasons Drive
Godfrey, IL 62035

Missouri (314)805-6578      Illinois (618)466-2039

EXHIBIT B

```
 1          IT IS HEREBY STIPULATED AND AGREED by and
 2     between Counsel for the Plaintiff and Counsel for
 3     the Defendants that this deposition may be taken in
 4     shorthand by CARLA R. WENZEL, CCR, CSR, and
 5     afterwards transcribed into typewriting, and that
 6     the signature of the witness was not waived by
 7     agreement and consent in my presence.
 8                    *   *   *   *   *   *
 9                    NIRAV PATEL, M.D.,
10     of lawful age, being produced, sworn, and examined
11     on the part of the Plaintiff, deposes and says:
12                    DIRECT EXAMINATION
13     QUESTIONS BY MR. BOHM:
14          Q.   Would you state your name for the record.
15          A.   Nirav Patel.  N-I-R-A-V, last name
16     P-A-T-E-L.
17          Q.   Okay.  And by whom are you employed?
18          A.   St. Louis University.
19          Q.   Are you employed by SSM St. Louis
20     University Hospital as well?
21          A.   I am not.
22          Q.   Okay.  And what is your position at St.
23     Louis University?
24          A.   At St. Louis University I'm an assistant
25     professor of internal medicine.
```

| | | |
|---|---|---|
| 1 | A. | That was a two-year fellowship. |
| 2 | Q. | And where was that? |
| 3 | A. | That was at Cedars-Sinai at the West Los Angeles VA Hospital, at Olive View UCLA Medical Center. |
| 6 | Q. | And so you would have completed that in 2012? |
| 8 | A. | Yes. |
| 9 | Q. | And what did you do after that? |
| 10 | A. | Concurrent to some of that was working as a tele-ICU physician at Banner Medical Center doing ICU work.  And then after that I came to St. Louis University. |
| 14 | Q. | Okay.  You've been employed at St. Louis University ever since? |
| 16 | A. | Yes. |
| 17 | Q. | And have you had any leadership positions within the Internal Medicine Department at St. Louis University? |
| 20 | A. | I have not. |
| 21 | Q. | Okay.  So you've never been a program director? |
| 23 | A. | I have not. |
| 24 | Q. | Okay.  When did you become the chief medical officer at SSM? |

```
 1                    MS. BLAISDELL:  Objection.  Calls for
 2   information covered by the peer-review privilege
 3   and the Patient Safety, Quality and Improvement
 4   Act.  To that extent, I'm instructing you not to
 5   answer the question.
 6        Q.   (By Mr. Bohm)  Did you discuss this with
 7   Dr. Rice?
 8                    MS. BLAISDELL:  Same objection.
 9        A.   (By the Witness)  I'm choosing not to
10   answer.
11        Q.   Do you believe your discussion with Dr.
12   Rice about her complaint is covered by peer-review
13   privilege?
14                    MS. DRAFAHL:  I'm going to object as
15   calling for a legal conclusion.
16                    MS. BLAISDELL:  Same objection.
17        Q.   (By Mr. Bohm)  I'm asking you whether you
18   believe it's covered by peer-review privilege.  I
19   don't believe that's the same objection.  I don't
20   believe that his answering that has anything to do
21   with the peer-review privilege.
22                    MS. BLAISDELL:  Objection.  It calls
23   for a legal conclusion.
24        A.   (By the Witness)  So let me answer by
25   saying our process is to -- regardless of input
```

26

1     into the peer-review process, once an event or a
2     complaint enters the process, the investigation
3     that occurs involves discussions with any number of
4     parties that would be able to potentially provide
5     information about that situation.
6           So, for example, we might talk to a nurse,
7     we might talk to staff members, we might talk to
8     the person putting in the complaint, we might talk
9     to the physician or whoever the complaint was about
10    as part of that investigation.
11          So, again, the routine for us would be for
12    me or one of the patient safety and quality
13    coordinators or the peer-review chair or whoever
14    was reviewing the case as our level 1 reviewer in
15    peer-review to appropriately ask the questions to
16    individuals that might have knowledge about a
17    particular situation.
18          When additional information is requested
19    either by the peer-review committee or the MEC,
20    then that information can also be requested by
21    those bodies.  That would be our normal process.
22       Q.   Was Dr. Rice's complaint actually referred
23    to the peer-review committee?
24              MS. BLAISDELL:  Objection.  Calls for
25    information protected by the peer-review privilege

1  we would investigate that.
2      Q.   Did you meet with Dr. Rice to discuss this
3  complaint?
4           MS. BLAISDELL:  Objection.  Calls for
5  information protected by the peer-review privilege
6  and the Patient Safety, Quality and Improvement
7  Act.  I'm instructing you not to answer the
8  question.
9           MR. BOHM:  Certify it.
10     Q.   (By Mr. Bohm)  You're not going to answer
11 on your Counsel's advice?
12     A.   Yes, I'm not going to answer.
13          MR. BOHM:  And I take it that any
14 questions I ask him about what he and Dr. Rice
15 talked about I'm going to draw the same objection,
16 Counsel?
17          MS. BLAISDELL:  To the extent it
18 concerns complaints that went through the
19 peer-review process or that concern patient safety,
20 yes.
21     Q.   (By Mr. Bohm)  Well, you're saying
22 the entirety of Dr. Rice's complaint went through
23 the peer-review?  Is that what you're saying, Dr.
24 Patel?
25     A.   The input into peer-review is based on

30

```
 1    event reporting.  A complaint such as this would go
 2    through the event reporting process, or events that
 3    were obtained through nursing or other complaints,
 4    complaint vehicles.  And so yes, we would
 5    investigate that through our normal investigation
 6    process for peer-review committee.
 7         Q.   Isn't it true you met with Dr. Rice on
 8    March 14th, 2018, to discuss this matter?
 9              MS. BLAISDELL:  Same objection.
10    Calls for information protected by the peer-review
11    privilege and the Patient Safety, Quality and
12    Improvement Act.  I'm instructing you not to
13    answer.
14         Q.   (By Mr. Bohm)  You're not going to answer
15    that question?
16         A.   I'm not going to answer that question on
17    the advice of Counsel.
18              MR. BOHM:  Certify it.  So if I was
19    to ask about the allegations in this complaint, I'm
20    assuming you're going to assert the privilege,
21    Counsel, again?
22              MS. BLAISDELL:  Depends on what your
23    questions are, I suppose.  Again, to the extent it
24    involves what happened as part of the peer-review
25    process once this was submitted to peer-review
```

```
 1                C E R T I F I C A T E

 2     STATE OF MISSOURI      )
       COUNTY OF ST. LOUIS    )
 3
               I, CARLA R. WENZEL, CCR, CSR, do hereby
 4     certify that pursuant to Notice there came before
       me,
 5
                    NIRAV PATEL, M.D.,
 6
       who was by me first duly sworn to testify to the
 7     truth and nothing but the truth of all knowledge
       touching and concerning the matters in controversy
 8     in this cause; that the witness was thereupon
       examined under oath and said examination was
 9     reduced to writing by me; that the signature of the
       witness was not waived by agreement of all parties;
10     and that this transcript is a true and correct
       record of the testimony given by the witness.
11
               I further certify that I am neither
12     attorney nor counsel for nor related nor employed
       by any of the parties to the action in which this
13     deposition is taken; further, that I am not a
       relative or employee of any attorney or counsel
14     employed by the parties hereto or financially
       interested in this action.
15
               IN WITNESS WHEREOF, I have hereunto
16     subscribed my name on February 26, 2019.

17


18                    /s/Carla R. Wenzel
                         Carla R. Wenzel
19                       CCR #908
                         CSR #84-004028
20

21

22

23

24

25
```